# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TARIQ BELT, # 40945-037

Petitioner

v.                                        Civil Action Case No. WDQ-11-2537

WARDEN

Respondent

\*\*\*

## MEMORANDUM

Pending is Tariq Belt's "Complaint for Declaratory & Injunctive Relief & Application and for Habeas Corpus Relief." For reasons to follow, the Court finds the pleading is properly construed as a petition for habeas corpus relief under 28 U.S.C. § 2241. It will be denied and dismissed with prejudice.[1]

## BACKGROUND

On December 8, 2005, Belt entered a guilty plea in the District Court of Maryland to conspiracy with intent to distribute and possession with intent to distribute cocaine (Criminal No. WDQ–03–376). He was sentenced to a 212 month term of imprisonment. Belt also entered a guilty plea to possession of cocaine on February 13, 2006 (Crim. No. WDQ–05–549), and was sentenced to a one year term of imprisonment, to be served consecutive to the sentence imposed in case No. WDQ–03–376. Belt is presently serving his sentences at the Sandstone Federal Correctional Institute in Minnesota.

In this long, unclear petition, Belt demands his immediate release and other injunctive and declaratory relief. Because Belt is self-represented, the documents which he has filed in this

---

[1] Belt has also filed a Motion for Summary Judgment which shall be denied and dismissed.

case are held to a less stringent standard than if they were prepared by a lawyer and, therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21, (1972).

It appears that Belt is claiming he is entitled to habeas relief because his sentence was not reduced under the Fair Sentencing Act (FSA). Further, he appears to contend that relief under § 2241 is warranted because § 2255 provides him an inadequate and ineffective remedy. [2] Petition, ¶ 17. [3]

**DISCUSSION**

As an initial matter, Belt's claims of breach of contract or other commercial instrument as grounds to challenge his sentence, *see e.g.* Petition ¶¶ 23-25, will be denied and dismissed with prejudice. Recently, in *United States v. Belt*, Civil No. PJM-10-2921 (July 26, 2011), Judge Messitte found no evidence of any genuine commercial obligations or financing statements existing between Belt and government officials, and he ordered Belt permanently enjoined from continuing to file vexatious and frivolous liens, financing statements, or other instruments purporting to attach or otherwise affect the assets or property of federal employees. Belt may not evade these restrictions by attaching such claims to habeas actions or other proceedings. Belt has accrued at least three strikes under § 1915(g), and may no longer file a civil suit without prepaying court fees. *See id.*

---

[2] In 2006, Belt filed petitions for collateral relief which the Court intended to construe under § 2255. *See* Civil Action Nos. WDQ-06-2876 (related to Criminal Action WDQ-03-376) and WDQ-06-2877 (related Criminal Action WDQ-05-549). The petitions were dismissed without prejudice after Belt failed to supplement his pleadings or inform the court whether he wanted to file his pleadings as § 2255 actions. In 2009, Belt sought again to challenge his sentence in Criminal Action WDQ-03-376. That petition was dismissed as time-barred. *See* Civil Action No. WDQ-09-3147.

[3] Belt's assertions that he has been subjected to deliberate indifference and emotional distress in his efforts to reduce his sentence are not properly raised in a petition for habeas corpus relief and will not be considered here. Complaint, ¶¶ 23-25.

### 1. Section 2241 Claim

Petitions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless it is shown that the remedy is inadequate or ineffective. *See In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of ... detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). The petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 application. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). That relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of Section 2255 inadequate or ineffective. *See In re Jones*, 226 F.3d at 332.

Belt has failed to present any facts to demonstrate that § 2255 provides an inadequate remedy. He asserts "2255 is inadequate because it was designed to be. To afford complete relief more than habeas corpus must be sought because it is necessary to look toward justice & fairness which are two aspects foreign to corporation rules called 'statutes." Memorandum, p. 13. Clearly, such assertions of inadequacy or ineffectiveness are far short of the requisite showing that consideration of his claims under § 2241 is appropriate. Lastly, although Belt refers to the habeas statute at 28 U.S.C. § 1651, nowhere does he address why he is entitled to relief under this provision.

### 2. Fair Sentencing Act

Belt next asserts that he is entitled to habeas relief under the FSA. On December 5, 2008, the court appointed the Federal Public Defender to preliminarily review whether he might be eligible to seek a reduction in sentence under the FSA. *See* Criminal Action No. WDQ-03-

376. Belt later declined the assistance of appointed counsel. Belt had dealt quantities of crack and powder cocaine, so the FSA amendment to the Guidelines did not change his offense level. Belt's sentence was driven not by the "crack" guideline, but by the powder cocaine guideline, at USSG § 2D1.1(c)(3). On August 4, 2009, the court denied Belt's Motion to Reduce Sentence under 18 U.S.C. § 3582.

**CONCLUSION**

For these reasons, the court finds that denial and dismissal of the petition without directing respondents to file a response is warranted. The court declines to issue a certificate of appealability because Belt has not made a substantial showing of the denial of a constitutional right.

9/16/11
Date

William D. Quarles, Jr.
United States District Judge